UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   14-24373-CIV-GAYLES

JEFFNEY PHILISTIN,

    Plaintiff,
vs.

BEYONCE GISELE KNOWLES
CARTER and SHAWN CARTER,

    Defendants.
_____/

## AMENDED ORDER

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record.   Plaintiff, a *pro se* litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. section 1915(e) are applicable.   Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   *Id.* § 1915(e)(2).   Upon initial screening, the Court finds Plaintiff's Complaint [ECF No. 1] fails to comply with the Federal Rules of Civil Procedure, and must be dismissed.

    To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

Furthermore, federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Id.* at 410.

Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails to meet the foregoing standards.  The Complaint is purportedly filed under 42 U.S.C. Section 1983 to redress "constitutional violations." Yet, Plaintiff's allegations that Defendants' failed to compensate him for music lyrics and choreography do not set forth constitutional claims and as a result must be dismissed.  In addition, the Court denied Plaintiff's motion to proceed *in forma pauperis*, and Plaintiff has failed to pay the requisite filing fee.  Based thereon, it is

**ORDERED AND ADJUDGED** this case is **DISMISSED without prejudice**, and the Clerk is instructed to mark the case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE